# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 5571 | **DATE** | 8/6/2001 |
| **CASE TITLE** | NILSSEN vs. MOTOROLA INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. The Court appoints Mr. J. Michael Jakes as a special master for a report and recommendation concerning the presently pending motions for summary. The parties are ordered to provide Mr. Jakes a complete copy of their respective motions within 7 days of this order.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 07 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 114 |
| | Mail AO 450 form. | FILED FOR DOCKETING  docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 AUG -6 PM 6:21 | |
| LG | courtroom deputy's initials | | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OLE K. NILSSEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MOTOROLA, INC., and MOTOROLA )<br>LIGHTING, INC., )<br>)<br>Defendants. )<br>_____)<br>)<br>OLE K. NILSSEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAGNETEK, INC., )<br>)<br>Defendant and Counter-Plaintiff. )<br>) | No. 96 C 5571<br><br>Judge John W. Darrah<br><br><br><br><br><br><br><br>No. 98 C 2229<br><br>Judge John W. Darrah |



DOCKETED AUG 0 7 2001

## MEMORANDUM OPINION AND ORDER

In March 2001, this Court granted defendants' joint motion for appointment of a special master to determine issues relating to the parties' pending motions for summary judgment over the objections of plaintiff. The Court, with the assistance of the parties, has attempted to locate an appropriate special master.

Plaintiff opposes the appointment of the present proposed individual as special master. Essentially, plaintiff argues that a special master should be held to the same standards as judges and that the proposed special master has an appearance of impropriety because the firm of which he is

114

a member represents one of Motorola's subsidiaries, and his firm actively sought to represent Motorola in May 2001. Plaintiff hypotheses that because the proposed special master knows that his firm has, or is, representing a subsidiary of Motorola and has actively sought more work from Motorola, he would be biased against plaintiff. Plaintiff contends that the proposed special master's willingness to put into place an ethical or Chinese wall would be insufficient because the proposed special master already knows about the subsidiary and the "courting" of Motorola as a potential client. Defendants do not oppose the appointment of the proposed special master. Defendants contend that the proposed special master does not have an actual conflict, and the stricter standards of recusal of a judicial officer do not apply to a special master.

At the July 30, 2001, hearing, the parties agreed that the issue before the Court was whether a special master is held to the same standard as a judicial officer in respect to disqualification. Plaintiff concedes that if a special master is not held to the same standard as a judicial officer, any appearance of impropriety of Mr. Jakes would not require his disqualification as a special master in the instant case.

Whether a special master is held to the same disqualification standards as a judge has not been determined by the Seventh Circuit. Furthermore, other circuits that have been confronted with the question have split.

The First Circuit, in *Morgan v. Kerrigan*, 530 F.2d 401, 426 (1st Cir. 1976) (*Morgan*), found that "masters and experts are subject to the control of the court and since there is a need to hire individuals with expertise in particular subject matters, masters and experts have not been held to the strict standards of impartiality that are applied to judges." (citations omitted). In *Morgan*, the defendant objected to several of the masters and experts appointed in a school desegregation case.

The court rejected the alleged bias, finding, in part, that the relationships of some of the experts and masters were too attenuated to provide a reasonable basis for concluding a bias existed. For example, the court found that a master's or expert's membership with the NAACP did not prove bias toward the plaintiff even though the NAACP, while not a party to the action, supported the plaintiff's cause of action. *Morgan*, 530 F.3d at 426. The court also noted that some of the masters and experts had relationships with the defendant which might, to an equal extent, suggest bias in the defendant's favor. *Morgan*, 530 F.3d at 426.

In *Rios v. Enterprise Assoc. Steamfitters Local Union 638*, 860 F.2d 1168, 1174 (2d Cir. 1988) (*Rios*), the Second Circuit also concluded that special masters were not held to the strict standards of impartiality applied to judges. The *Rios* court rejected the plaintiff's argument that the appointed administrator should have been disqualified in light of the *Rios* plaintiff's claim of discrimination by a union because he represented a union in an unrelated Title VII case where he was in an adversary position to the EEOC. The court noted that 28 U.S.C. § 455(a), which addresses the disqualification of judges, stated that it applied to justices, judges, or magistrates but did not state that it applied to special masters.

In *Jenkins v. Sterlacci*, 849 F.2d 627, 631-32 (D.C. Cir. 1988) (*Jenkins*), the court found that given the complexities of the issues and the closely disputed facts that special masters are called upon to resolve, and the "clear error" standard governing the court's review of the special master's findings, the standards applicable for a judge's disqualification applied to a special master. The *Jenkins* court found that the special master's involvement in a different case in which he represented a party that had interests adverse to those of another party that was represented by the same law firm as a party to the suit in which he served as special master, raised a substantial question as to whether

the special master should have been disqualified. The court noted that the special master had previously stated in a brief that the law firm representing one of the parties in the case he was presiding as a special master was "riddled ... with inaccuracies and specious assertions, is unprofessional." *Jenkins*, 849 F.2d at 629. However, the court concluded that the objection over the special master because of an appearance of impropriety had been waived. *Jenkins*, 849 F.2d at 635.

Subsequently, the Fourth Circuit agreed with *Jenkins*, finding that the disqualification standards of § 455(a) applied to a land commissioner. *United States v. Werner*, 916 F.2d 175, 178 (4th Cir. 1990) (*Werner*). The *Werner* court found that an appointed land commissioner had an appearance of impartiality because of his past personal professional relationship with the defendant, the United States, because the land commissioner had previously secured funds from the National Park Service; he was attempting to obtain funds from the National Park Service at the time of his appointment; he made donations to the National Park Service; and the National Park Service erected a commemorative plaque in his honor. *Werner*, 916 F.2d at 178-79.

Neither of the relationships at issue in *Jenkins* and *Werner* are present in this case.

The history of the selection of a special master in the instant case illustrates the courts' recognition of the difficulty of finding individuals with an expertise in a particular subject matter that also has never personally, or their firm, had an interest or relationship with one of the parties or a subsidiary of one of the parties. *See e.g., Morgan*, 530 F.2d at 426; *Rios*, 860 F.2d at 1174; *Jenkins*, 849 F.2d at 632 (recognizing that since special masters are typically attorneys, accommodation is required to the likelihood that special masters will be engaged as advocates in matters other than those in which they serve as masters).

Here, the parties were first asked to present a list of proposed special masters. The Court would then appoint an individual that was common to all the parties' lists. The parties prepared their respective lists, but the lists did not contain any common names. Therefore, the Court asked each party to write down one proposed special master; and, from the two names, the Court would randomly pick one of the names. On April 26, 2001, the Court picked the first proposed special master, which happened to be defendants' choice. After the parties spoke to the proposed special master, plaintiff objected to his appointment because of a potential conflict of interest due to the proposed special master's firm's representation of the company that purchased Motorola's electronic ballast business. The defendants did not object. Subsequently, the Court asked defendant to pick a second candidate since they had initially "won" the random drawing. Plaintiff again alleges the present proposed special master has a potential conflict of interest and asks the Court to appoint its proposed special master.

The above illustrates that the number of individuals with the expertise required for cases such as the present case is narrow, and it is unlikely that an individual with such expertise, or that individual's firm, would never have communicated with one of the parties or a subsidiary of one of the parties. Applying the strict standards of impartiality found in § 455(a) could render finding a special master an impossibility.

In addition, the special masters remain under the control of the Court (*Morgan*, 530 F.3d at 426), and § 455(a) does not state that it applies to special masters. Instead, § 455(a) states that it applies to "justices, judges, and magistrates." Congress has revised § 455(a) to include magistrates but has not amended the statute to include special masters. *See* 42 U.S.C. § 455(a); *Rios*, 860 F.2d at 1173-74.

5

Based on these considerations, the reasoning of the First and Second District is persuasive, and the proposed special master in the instant case need not meet the strict standards of impartiality of § 455(a) and the speculative nature of the basis of the plaintiff's objection. Accordingly, Mr. Jakes' education and experience and the lack of any actual conflict of interest make him an appropriate special master in the instant case.

For the reasons stated above, the Court appoints Mr. J. Micheal Jakes, of Finnegan, Henderson, Farabow, Garrett & Dunne, L.L.P., as a special master for a report and recommendation concerning the presently pending motions for summary judgment. The parties are ordered to provide Mr. Jakes a complete copy of their respective motions within 7 days of this order. The report and recommendation prepared by Mr. Jakes shall contain the findings of fact and conclusions of law made by Mr. Jakes for all issues argued and briefed in the parties' motions for summary judgment. Upon completion of the report and recommendation, the report and recommendation shall be filed with the Clerk of the Court and served upon all the parties.

Dated: 8-6-01

JOHN W. DARRAH
United States District Judge